IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JORGE SEGURA GOMEZ, 43810-177, | § | |
| Petitioner, | § | |
| | § | 3:14-CV-0479-B |
| v. | § | 3:12-CR-0011-B (3) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

## I. Procedural Background

On June 14, 2012, Petitioner pled guilty pursuant to a plea agreement to conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. He was sentenced to 135 months in prison. On February 21, 2014, the Fifth Circuit Court of Appeals dismissed Petitioner's appeal as frivolous. *United States v. Gomez*, No. 13-10387, 2014 WL 660684 (5th Cir. Feb. 21, 2014).

On February 5, 2014, Petitioner filed the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. He argues he received ineffective assistance of counsel when:

    1.     Trial counsel failed to make certain objections to the PSR;

    2.     Trial counsel failed to research the facts and the law;

3.      Appellate counsel failed to argue trial counsel was ineffective; and

4.      Appellate counsel acted under a conflict of interest.

On June 23, 2014, Respondent filed its answer. On September 3, 2014, Petitioner filed a reply. The Court now finds the petition should be denied.

## II. Factual Background

On August 7, 2011, government agents intercepted phone calls between Petitioner and Co-Defendant Cruz. Cruz asked Petitioner to bring him one kilogram of cocaine, and Petitioner agreed. When Petitioner was on his way to meet Cruz, Cruz called back and asked Petitioner to bring two kilograms of cocaine. Before Petitioner and Cruz could meet, however, Cruz detected law enforcement and cancelled the meeting.

On October 13, 2011, agents again intercepted phone calls between Petitioner and Cruz. Cruz asked Petitioner to bring him two kilograms of cocaine. Petitioner agreed and agents observed Petitioner and Cruz conduct the transaction.

On December 14, 2011 agents executed a search warrant at a stash house on Seedling Lane where Petitioner was located. In the living room they found 436 grams of cocaine and $362,305 hidden in the television in a plastic bag. Petitioner's fingerprint was found on the bag. In one bedroom they found drug ledgers, a shotgun, and ammunition. In another bedroom they found $1,553, an AK 47 assault rifle, a .380-caliber pistol, and more ammunition. Petitioner and Cruz were arrested that day.

Petitioner was indicted on January 4, 2012. Petitioner entered into a plea agreement and signed a factual resume admitting that he committed each element of the charged conspiracy. He also agreed to the truth of the facts supporting his guilty plea, including that he conspired with

his codefendants to deliver cocaine, that multiple guns were found in the Seedling Lane drug house, and that his fingerprint was found on a bag containing $362,305, which were proceeds of cocaine sales.

The PSR converted the $363,858 into its cocaine equivalent of 18.19 kilograms and added this amount to the actual cocaine recovered from the house, for a total of 18.63 kilograms. This resulted in a base offense level of 34. Petitioner received a two-level enhancement because firearms were found with the drugs, which resulted in an offense level of 36. He received an accepted of responsibility reduction of 3 levels, which made his total offense level 33. With a criminal history category of I, his guideline range was 135-168 months. The Court imposed a sentence of 135 months in prison.

### III.  Discussion

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different

outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

## 1.    Trial Counsel

Petitioner claims his counsel was ineffective for failing to file objections to the PSR and failing to know the facts and the law.

Petitioner claims counsel should have objected that the PSR did not address his safety-valve eligibility. The record shows Petitioner did not qualify for the safety-valve provision because of the firearm enhancement. *See* USSG § 5C1.2(a)(2) (stating safety-valve provision does not apply if defendant possessed a firearm). Defense counsel was not required to raise frivolous arguments. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995).

Petitioner also argues counsel should have objected to the calculation of the drug amount because there was no evidence that he knew drugs were in the house, that he knew the $363,858 was drug proceeds, or that he was in the conspiracy long enough to be responsible for the total $363,858. Petitioner, however, stipulated in the Factual Resume that the $363,858 was the proceeds of cocaine sales, that his fingerprint was on the money bag, and that he conspired with his codefendants to sell over five kilograms of cocaine. If counsel had denied the facts regarding the drug proceeds and his knowledge or responsibility for the drugs, she would have put Petitioner at risk of losing his three-level acceptance-of-responsibility reduction. Petitioner has not shown that his counsel's conduct fell outside of reasonable trial strategy. *See Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).

Petitioner also argues the calculation of the amount of drugs was incorrect. He claims the

drug transactions on August 7 and October 13, 2011 were included in the drug amount, but that he only admitted to the August 7, 2011 transaction. The August 7 and October 13, 2011 transactions, however, were not included in the total drug amount. The PSR shows that the $363,858 was converted into 18.19 kilograms of cocaine based on the conspiracy's established value of $20,000 per kilogram. (PSR ¶ 17.) The only additional drugs added to this amount were the drugs seized from the Seedling Lane house on the date of Petitioner's arrest, bringing the total amount of drugs to 18.63 kilograms. (PSR ¶¶ 17-18.)

Petitioner claims counsel should have objected to the gun enhancement because there was no evidence he knew about the guns, or that the guns were used in furtherance of the drug conspiracy. Petitioner, however, stipulated to the presence of these guns. He has offered no evidence that he did not have knowledge of the guns or that the guns were not used in furtherance of the conspiracy. If counsel had contested the facts related to the guns, Petitioner would have risked losing his acceptance of responsibility reduction. He has failed to show his counsel's conduct fell outside of reasonable trial strategy.

Petitioner claims counsel should have objected that the PSR "implied" he was dealer of cocaine, rather than a delivery person. He also claims counsel should have argued he was a minor participant in the conspiracy and was entitled to an adjustment for his minimal role. The record shows defense counsel argued that Petitioner was merely a "delivery driver," that he had joined the conspiracy only two months before his arrest, and that he had a minor role in the conspiracy. (Sent. Tr. at 13-17.) Further, Petitioner has submitted no evidence to dispute the facts found in the PSR.

Petitioner claims his counsel was ineffective for informing the Court that Petitioner had a gun at his home. At sentencing, defense counsel argued this gun was not connected to the drug conspiracy. The record shows the government argued the safety-valve provision did not apply to Petitioner because of the three guns found at the Seedling Lane house, and because of the gun at Petitioner's house. (Sent. Tr. at 10.) Petitioner has failed to show his counsel was ineffective for discussing the gun found at Petitioner's house.

Finally, at sentencing, Petitioner told the Court that he had reviewed the PSR with his attorney and that he had no questions about the PSR. (Sent. Tr. at 3-4.) He also did not dispute any of the facts found in the PSR. Petitioner's ineffective assistance of trial counsel claims are without merit.

## 2. Appellate Counsel

Petitioner claims he received ineffective assistance of appellate counsel when counsel failed to raise the above-discussed ineffective assistance of trial counsel claims, and when counsel acted under a conflict of interest. As discussed above, Petitioner's ineffective assistance of trial counsel claims are without merit. Appellate counsel was therefore not ineffective for failing to raise these claims.

Petitioner claims appellate counsel had a conflict of interest because both he and trial counsel were employed by the Federal Public Defender. To show a Sixth Amendment violation due to a counsel's conflict of interest, a defendant must show (1) that counsel was acting under the influence of an actual conflict, (2) that adversely affected his representation. *United States v. Culverhouse*, 507 F.3d 888, 892 (5th Cir. 2007). Petitioner has failed to show any actual conflict or that he was adversely affected by appellate counsel's representation. Petitioner's claim is

Page 6

conclusory and without merit.

## **RECOMMENDATION**

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 26 day of February, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).